FILED
SUPERIOR COURT
OF GUAM

2018 MAY 14 PM 5: 07

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0099-12-01 |
| v. | |
| JEREMIAH SANTOS ISEZAKI, AKA JEREMIAH SANCHEZ ISEZAKI, (DOB: 09/13/1984) | DECISION AND ORDER DENYING PEOPLE'S APPLICATION FOR ORDER RELATING TO A MATERIAL WITNESS |
| DEFENDANT. | |

## Introduction

This matter came before the Honorable Maria T. Cenzon on May 14, 2018 through the People of Guam's (the "People") Application for Order Relating to a Material Witness. The People are represented by Assistant Attorneys General Sean Brown and Terry VanEaton. Jeremiah Santos Isezaki ("Defendant") is represented by Attorney Douglas Moylan. Having reviewed the parties' oral arguments, the record, and the relevant law, the Court now issues this Decision and Order DENYING the People's Application for Order Relating to a Material Witness.

## Background

Defendant was indicted on the charges of: Charge 1 CONSPIRACY TO COMMIT MURDER (as a 1st Degree Felony) in violation of 9 GCA §§ 16.10(a)(1), 16.40(a)(1) and 13.30 and Charge 2 TERRORIZING (as a 3rd Degree Felony) in violation of 9 GCA §§ 19.60(a) and (b). Indictment (Feb. 21, 2012); Superseding Indictment (Jan. 4, 2018); Second Superseding Indictment (May 8, 2018). Jury trial commenced on May 10, 2018 and is currently ongoing.

On May 14, 2018, the third day of Defendant's jury trial, the People filed the instant application for an Order Relating to Material Witness. The People filed the application "pursuant

to 8 GCA 75.40" and request the court enter an order for the Guam Superior Court Marshal's Division ("Marshal Division") to "locate and serve a subpoena upon a material witness" namely, Michael Torre, Brandon Baluran, and Jayton Baubauta. *See* People's Application for Order Relating to a Material Witness (May 14, 2018).

Before recessing the proceedings for the day, the Court permitted the parties to provide oral arguments regarding the issue. The People proffer that it would be "impracticable" for personal service upon the individuals to be effectuated because, in essence, we are in the middle of trial and they would not be served "quick enough to assure their appearance in a manner that would keep the trial going without interruption." People's Appl. at p. 2. Further, the People submit that these individuals have exhibited a "likelihood" to be uncooperative.

Defendant contends under the relevant criminal trial subpoena provisions, the People have to attempt proper service of the subpoena. Digital Recording at 11:48:48 (Jury Trial Day 3, May 14, 2018). Defendant also argues there is no affidavit from personal knowledge of the actual process server that the subpoena was delivered directly to the named witness and that the named witness failed to appear.[1] Defendant adds the manner in which the subpoena was served was deficient because it was merely given to an individual within the witness' respective households or, in the case of Torre, to the Director of the Department of Corrections, and not personally to the named witness. Lastly, Defendant contends the application should be denied at this time and resubmitted for consideration under the "material witness" statute once defects in service of process have been cured.

Discussion

Pursuant to the Guam Code Annotated, the Court may issue an order to take a material witness into *custody*, "[i]f it appears by affidavit that the testimony of a person is material in any criminal proceeding and if it is shown that it may become impracticable to secure his presence by

---

[1] See comparison to *People vs. Agababa* case, infra.

subpoena." 8 GCA § 75.40 (emphasis added).[2] The manner in which a witness subpoena is served is identified in Section 75.25, which provides: "Service of a subpoena shall be made by delivering a copy thereof *to the person named* and by tendering to him the fee for one (1) day's attendance and the mileage allowed by law." 8 GCA § 75.25 (emphasis added). Before a material witness arrest warrant may issue, therefore, the judicial officer must have probable cause to believe (1) "that the testimony of a person is material" and (2) "that it may become impracticable to secure his presence by subpoena." *Bacon v. U.S.* 449 F. 2d 933,943 (9th Cir. 1971). As to the second factor, "sufficient facts must be shown to give the judicial officer probable cause to believe that it may be impracticable to secure the presence of the witness by subpoena. Mere assertion will not do." *Id.*

Fundamentally, the Court is perplexed with regard to the People's request – is it to allow the Superior Court Marshals to serve the subpoenas upon these individuals, or is it to order that the Marshals take them into their custody pursuant to the material witness statute? During oral argument on the Application, the People pleaded for the Court to compel the attendance of these purported material witnesses by ordering that the Superior Court marshals take them into custody; however, the written application is contrary to this request on its face because, while it appears only to request an order of the Court that the Marshal Division be deployed to locate and serve the subpoena to the named individuals, it relies on the material witness provisions of Section 75.40.[3] Moreover, the People refer to its application as the Material Witness Warrant, indicating that the People seek more than the Court's assistance in effectuating service of the

_____

[2] This Code is based on former Rule 46(b) and Section 3149 of Title 18 of the United States Code; the Code is also nearly identical to Section 3144 of Title 18 of the United States Code, thus the Court looks to cases interpreting the rule for guidance. *Benavente v. Taitano*, 2006 Guam 15 ¶ 48.

[3] The People cite to a similar Order issued by this Court in a previous trial, *People v. Agababa* (CF#0465-13). In that case, however, the prosecutor did not request an Order pursuant to 8 GCA Section 75.40. The prosecutor sought an order for the Guam Superior Court Marshal's service to attempt to locate and serve a subpoena commanding a witness to appear and be prepared to give testimony on a specific date. Unlike this case, the prosecutor did not seek a Material Witness warrant, which would in effect order the detention of a material witness. Notably, the witness in *Agababa* was found to be material because her testimony related to admissions by the defendant in that case. Additionally, a Report of Investigation was filed by the prosecutor in *Agababa* indicating an attempt to serve the witness. The Court addresses the procedure employed in that case herein only to distinguish it from the case at bar, not to indicate whether its use here would be appropriate.

subpoena.[4] Further indicating that the People seek more than assistance in service of process, the People apply the facts of the instant case to the rule required in Section 75.40 and argue that traditional service is impractical, thereby implying that it seeks more than service of the subpoenas upon Torre, Babauta and Baluran. *See* People's Application for Order Relating to a Material Witness, at p. 2.

The Court interprets the procedure set forth in Section 75.40 to be used in the extraordinary circumstance where the People have established probable cause to require that a material witness to be taken into custody. *See Bacon v. United States,* 449 F.2d 933 (9th Cir. 1971)(*Bacon* addressed a statute which is identical to Guam's § 75.40, which was adopted from former 18 U.S.C. §3149 and Rule 46(b) of the F.R. Crim. P. (See Compiler's Note)). The "material witness" statute "contains a positive grant of authority to judicial officers 'to impose conditions of release in the case of material witnesses whose presence cannot practicably be secure by subpoena...and to detain witnesses if they are unable to comply with the conditions of release.'" *Bacon,* 449 F.2d at 937. Indeed, the court in *Bacon* espoused the finding of the U.S. Supreme Court that "the 'duty to disclose knowledge of crime *** is so vital that one known to be innocent may be detained, in the absence of bail, as a material witness.'" *Bacon,* at 939 (citing *Stein v. New York,* 346 U.S. 156, 184, 73 S.Ct. 1077, 1092 (1953)).

Notwithstanding the importance of the tool available to the Courts to compel the attendance of material witnesses, any such arrest and detention must be based upon probable cause. *Bacon,* at 942 (citing *Terry v. Ohio,* 392 U.S. 1, 21 n. 18, 88 S.Ct. 1868, 20 L.Ed.2d. 889 (1967)). Moreover, "a judicial officer must be provided with information of sufficient specificity and apparent reliability to permit him to determine independently the existence *vel non* of probable cause." *Id.* (citations omitted). While the inquiry may be less than that which is

---

[4] For example, in its application, the people state, "No Prejudice to the Defendant will arise if the Court assist in the service of the *Material Witness warrant* and secure the witness's testimony." People's Application for Order Relating to a Material Witness, at p. 2.

required in Fourth Amendment cases, there must be a showing of probable cause before there is a "seizure" of the person – an arrest – pursuant to the material witness statute. *Id.*

As correctly argued by the Defendant, the Court must take additional precautions before issuing an order to compel the attendance of these individuals by arrest and detention because doing so would effectuate a "loss of liberty" of these persons. The Affidavit of Counsel filed by the People (May 14, 2018) is woefully inadequate to satisfy the requirements set forth in *Bacon*. The People's Affidavit consists of mere conclusory statements alleging that the affiant "believe[s] that these witnesses are material" but does not, for example, state why their testimony is material, or any other specific reasons justifying the use of an extraordinary procedure such as the material witness statute.[5] Additionally, the Affidavit refers to "prior documentation of …attempted communication" with the witnesses; however, what was submitted to the Court was only a copy of a Subpoena served upon persons *not* identified on the Subpoena, but upon individuals residing in the residences. There is nothing in the Affidavit to inform the Court of the People's efforts to effectuate service by delivering the Subpoena to the named individual. The Court agrees with Defendant's assertions that service upon an individual in the witness' household is insufficient and it is incontrovertible that Section 75.25 requires personal service upon the witness named in the subpoena.

//

//

//

//

//

---

[5] Compare the Affidavit in the present case to the Material Witness Complaint in *Bacon* (which was also found to be inadequate by the appellate court) which alleged that the "material witness" "has personal knowledge of the circumstances and persons responsible for violations of the laws of the United States of America and that said LESLIE BACON will avoid process if at all possible, and that said LESLIE BACON will flee the jurisdiction of this Court and the United States of America in order to avoid giving her information to the Grand Jury, and that a subpoena will not be effective to insure her attendance upon the Grand Jury, and that it is necessary that said LESLIE BACON be compelled to give bail in order to insure her appearance as a witness before the Grand Jury."

## Conclusion

For the reasons provided above, the Court finds that the People's Application for an Order Relating to a Material Witness based upon the Affidavit filed on May 14, 2018, fails to satisfy the requirements necessary for the issuance of such Order and is, therefore, DENIED.

**SO ORDERED** this 14th day of May, 2018.

_____
**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of

Date: 5/14/18   Time: 5:10 pm

Deputy Clerk, Superior Court of Guam